IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-01104-REB-KLM

JODY HALE,

Plaintiff,

v.

COORS DISTRIBUTING COMPANY,

Defendants.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the parties' stipulation for a Protective Order concerning certain information and documents disclosed and to be disclosed during discovery, which one or more parties claim constitute confidential information, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is

ORDERED as follows:

1.  All information and documents produced by or obtained from any other party in the course of this action, through discovery or otherwise, shall be used by the party to whom such information and documents are produced solely for the purpose of this litigation and for no other purpose.

2.  Any document produced or exchanged by any of the parties to this action, or any of their attorneys, which a party believes in good faith is of a confidential nature, may be

#1368539 v1 den

designated as confidential, and all such documents and all copies thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the party designating any document as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and PROVIDED FURTHER that nothing in this Order shall prevent any party from challenging any designation of any document as Confidential Information.

3. A party may designate the documents described in this order as Confidential Information by affixing to the first page thereof a stamp with the legend "Confidential," or may, in the alternative, by written notice inform counsel for the other party that the document is to be treated as Confidential Information.

4. Confidential Information shall be produced only to counsel of record in this action and to the individually named parties to this action, all of whom have agreed to be bound by the terms of this Order.

5. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating the information as confidential or further, except that counsel may, without further agreement or court order and except as provided in the preceding paragraph, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

> (a) Attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedure;

2

(b) Experts or consultants retained by the parties with respect to this action;

(c) Any person who is an officer, director, or employee of CBC;

(d) Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether in deposition or at trial);

(e) The Court before which this action is pending; and

(f) Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

6. Any documents labeled confidential pursuant to this order, should have the confidential label removed if it is used as an exhibit at trial.

7. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistently with the terms of this Order, and without limitation, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

8. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

9. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

(a) operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information or a trade secret under applicable law; or

(b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

(c) prejudice in any way the rights of a party to seek a Court determination whether particular discovery materials should be produced; or

(d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

10. Any party wishing to use any Confidential Information in any brief, memorandum, affidavit or other paper filed with the Court shall file a motion in compliance with D.C.Colo.LCiv.R. 7.2 and 7.3. Pending decision on the Local Rule 7.2 motion, the Confidential Information will be filed under seal. See D.C.Colo.LCiv.R. 7.2(c).

11. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeal therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this order. Within thirty (30) days following final resolution of this action, all Confidential Information and reproductions thereof shall be either (a) returned to counsel for the party who produced the confidential document, or (b) destroyed, and counsel for the party receiving the confidential documents shall sign a certification attesting to such destruction.

12. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by

order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

Respectfully submitted this 29th day of October, 2008.

| | |
|---|---|
| HOLME ROBERTS & OWEN, LLP<br>K. Preston Oade, Jr. | Karen M. Zulauf, P.C.<br>Karen M. Zulauf |
| */s/ K. Preston Oade, Jr.*<br>1700 Lincoln Street, Suite 4100<br>Denver, Colorado 80203-4541<br>Telephone: (303) 861-7000<br>Facsimile: (303) 866-0200 | */s/ Karen M. Zulauf*<br>2336 Pearl Street<br>Suite 102<br>Boulder, Colorado 80302<br>Telephone: (720) 406-3995 |

ENTERED AS AN ORDER OF THE COURT THIS 30TH DAY OF October, 2008.

_____
Kristen L. Mix
United States District Magistrate Judge

5

#1368539 v1 den