IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01104-REB-KLM

JODY HALE,

   Plaintiff,

v.

COORS DISTRIBUTING COMPANY,

   Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion for Rule 35 Examination of Plaintiff by Vocational Rehabilitation Expert and Rule 7.1 Certificate of Compliance** [Docket No. 29; Filed February 17, 2009] (the "Motion"). The Court has reviewed the Motion, Plaintiff's Response [Docket No. 33; Filed March 1, 2009], Defendant's Reply [Docket No. 34; Filed March 3, 2009], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED**, as set forth below.

Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act (the "PDA"), and the Family Medical Leave Act of 1993 (the "FMLA"), alleging that Defendant discriminated against her on the basis of her sex and pregnancy, as well as retaliated against her after she notified Defendant that she was exercising her FLMA rights. *See Complaint* [#1] at 1. Defendant now moves to compel

1

Plaintiff to appear for examination and testing by a certified vocational rehabilitation expert, pursuant to Fed. R. Civ. P. 35(a). *Motion* [#29] at 1. Defendant argues that "Plaintiff's physical and vocational abilities, earning capacity and efforts to mitigate damages have been placed at issue by the report of her expert economist Patricia Pacy, Ph.D., which makes certain assumptions concerning Plaintiff's physical capabilities and present and future earnings potential." *Motion* [#29] at 1. Defendant further argues that Dr. Pacy's report "raises issues concerning Plaintiff's claimed inability to do her job without special assistance" because the report asserts that due to her pregnancy, she was unable to fulfill her job duties while employed by Defendant without the assistance of a two-wheeled cart she had requested. *Id.* at 2. For her part, Plaintiff argues that it is her physical condition in April 2007, or her pregnancy, that is in controversy, not her current physical condition. *Response* [#33] at 5. Plaintiff further argues that because she has provided Defendant with medical records for the term of her pregnancy, as well as releases for other medical and economic records, any information that Defendant may seek regarding her condition while pregnant is available without a Rule 35 examination. *Response* [#33] at 7.

    Fed. R. Civ. P. 35(a)(1) provides, in relevant part, "[t]he court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." First, a motion brought pursuant to Rule 35 must demonstrate that (1) the plaintiff's mental or physical condition is "in controversy"; and (2) "good cause" for the examination exists. *See e.g., LeFave v. Symbios, Inc.*, 2000 WL 1644154, at *4 (D. Colo. Apr. 14, 2000) (unpublished decision). Second, the requirement of good cause is not a formality; instead, the Court must genuinely balance the need for the information with the

2

right to privacy and safety of the party. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). In *Schlagenhauf*, the Supreme Court held that the "in controversy" and "good cause" requirements of Rule 35 are not met

> by mere conclusory allegations of the pleadings-nor by mere relevance to the case-but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

379 U.S. at 118.

Defendant must first show that Plaintiff's physical condition is "really and genuinely" in controversy. *Id.; LeFave*, 2000 WL 1644154, at *4. Defendant attempts to argue that "it is not plaintiff's pregnancy but the alleged physical *effects* of that pregnancy, including her claimed difficulty doing her job without special assistance, that are in controversy." *Reply* [#34] at 2. However, in the instant case, the Court finds that Plaintiff is not making any claim related to her *current* medical or physical condition. Instead, the case involves allegations that approximately two years ago, during March and April of 2007, Defendant discriminated against Plaintiff based on her sex and pregnancy, and that Defendant retaliated against Plaintiff when she notified her managers that she was exercising her FLMA rights. *Complaint* [#1] at 1. The pregnancy, or the physical condition, from which this cases arises ended on September 9, 2007, with the birth of Plaintiff's daughter. *Response* [#33] at 5. Defendant has not clearly or persuasively articulated the information that could be learned from a present day examination of Plaintiff with regard to her pregnancy in 2007, or the effects of that pregnancy. As Plaintiff asserts, her "previous physical condition of pregnancy, while relevant to the legal claims she brings in this lawsuit, has no impact on

3

her present or future employability. Her pregnancy was a temporary condition that has left her with no permanent disability or injury." *Response* [#33] at 5. It further appears that Defendant has access to all of Plaintiff's medical records for the relevant time period. *Id.* at 7.

In addition, while the Court is aware that Magistrate Judge Boland ordered a plaintiff to submit to a similar examination by a vocational rehabilitation specialist in *Sice v. Oldcastle Glass, Inc.*, 2005 WL 82148, at *3 (D. Colo. January 10, 2005) (unpublished decision), that case is readily distinguishable. In ordering the Rule 35 examination, Magistrate Judge Boland noted that the plaintiff asserted claims for lost past and present wages, *as well as* a diminished ability to work due to her present injuries. *Id.* He also noted that the plaintiff intended to call a vocational rehabilitation expert at trial to testify that the plaintiff presently suffered from limitations that impaired her ability to be employed. *Id.* On the basis of that testimony, the Magistrate Judge found that "[t]he defendant should be allowed to examine the plaintiff's abilities in order to challenge that testimony." *Id.* In the instant case, Plaintiff has not asserted that she suffers from a diminished ability to work due to her present injuries, of which there are none. *See Complaint* [#1]. Likewise, there is no indication that Plaintiff here intends to call a vocational rehabilitation expert at trial, as she has not endorsed such an expert. *See Response* [#33] at 4. Considering all of the above, the Court finds that Plaintiff's current physical condition is not "in controversy" in the case at bar and that Defendant has failed to establish good cause for a Rule 35 examination of Plaintiff. *Schlagenhauf*, 379 U.S. at 118.

Accordingly, IT IS HEREBY **ORDERED** that **Defendant's Motion for Rule 35 Examination of Plaintiff by Vocational Rehabilitation Expert and Rule 7.1 Certificate**

**of Compliance** [Docket No. 29; Filed February 17, 2009] is **DENIED**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: March 10, 2009