IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01104-REB-KLM

JODY HALE,

    Plaintiff,

v.

COORS DISTRIBUTING COMPANY,

    Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff Jody Hale's Motion to Compel Evasive & Incomplete Document Responses from Defendant Coors Distributing** [Docket No. 30; Filed February 25, 2009] (the "Motion"). I have reviewed the Motion, Defendant's Response to Plaintiff Jody Hale's Motion "To Compel Evasive & Incomplete Document Responses" [Docket No. 38; Filed March 17, 2009], Plaintiff Jody Hale's Reply in Support of Her Motion to Compel Evasive & Incomplete Document Responses from Defendant Coors Distributing [Docket No. 40; Filed April 1, 2009], the entire case file and relevant case law, and I am advised in the premises. Pursuant to Defendant's request [Docket No. 42], a hearing was held on June 4, 2009 [Docket No. 63]. At the hearing, Plaintiff's counsel requested that discovery be reopened for limited purposes. For the reasons stated below, the Motion is **DENIED** and the request to reopen discovery for limited purposes is **GRANTED**.

I. Background

Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act (the "PDA"), and the Family Medical Leave Act of 1993 (the "FMLA"), alleging that Defendant discriminated against her on the basis of her sex and pregnancy, as well as retaliated against her after she notified Defendant that she was exercising her FMLA rights. *See Complaint* [#1] at 1. She alleges that her employment with Defendant Coors Distributing Company ('CDC") as a sales representative was terminated based on her gender and pregnancy. It is CDC's position that Plaintiff was fired for falsifying entries into the Matrix, a computer program which gathers information about sales employees' performance and from which certain reports are generated. *Motion* [#30] at 2. Plaintiff claims that her errors were inadvertent and that her results were similar to the results of other male sales representatives who were not fired. *Id.* Plaintiff seeks documentary evidence on the performance of male sales representatives in order to establish pretext. Plaintiff claims that this information is electronically stored by Defendant.

Plaintiff is challenging Defendant's responses to Plaintiff Jody Hale's First Request for Production of Documents [Docket No. 30-2], specifically responses to Requests 1, 2, 4, and 13. *Motion* [#30] at 6. In general, those requests for documents seek "Margin Minder reports," "year end sales results," "Matrix payouts," and "Matrix program survey answer printouts." *Id.* at 5. CDC produced some responsive documents but contends that documents responsive to Plaintiff's Requests No. 1 and 2 do not exist. [Docket No. 30-3]. Plaintiff further contends that certain of the documents produced in response to Requests No. 1 and 2 by CDC are indecipherable because they consist of "gibberish." *Motion* [#30] at 5.

The Court held a lengthy hearing regarding the Motion on June 4, 2009. CDC called David Deard as a witness at the hearing. Mr. Deard is the Manager of Network Systems for CDC. He testified about CDC's database, the Matrix and Margin Minder reports culled from the database, certain changes in the applicable software during the time period relevant to the litigation, and CDC's ability to provide the exact documentary information requested by Plaintiff. In my view, this testimony should have mollified Plaintiff's counsel's concerns about inconsistencies in the documents already produced. (For example, Deposition Exhibit 29 [Docket No. 30-10] is the sole surviving audit report relevant to Plaintiff's case. Comparable audits of other salespeople were routinely destroyed because they are not parties to litigation. Also, the software used by CDC was updated in the spring of 2007 to show additional information (the "last taken" column) that had not been previously available. Thus, reports which pre-date the updated software do not show such information.)

As a result of this testimony and the arguments of counsel, two things became apparent during the hearing. First, at the time when the discovery requests at issue were propounded, Plaintiff's counsel's understanding of CDC's computer capabilities and its actual record-keeping was neither thorough nor accurate. Second, as a result, the discovery requests at issue are not properly phrased so as to generate the information which Plaintiff actually seeks. Therefore, Plaintiff's counsel orally requested at the hearing that the Court re-open discovery so as to allow her to gain more knowledge of the operation of CDC's computer system, its database, and the reports generated therefrom.

Predictably, the parties pointed the finger of blame at each other regarding the substantial gap in understanding about CDC's computer system and reports. Plaintiff's

counsel contends that Defendant finally produced two computer discs containing documents shortly before the discovery deadline and long after the deposition of the CDC representative who generated some of the disputed reports, and that CDC's designated Rule 30(b)(6) witness had no relevant information about the company's "database retention." Moreover, because of certain inconsistencies in the reports produced and due to her lack of knowledge about them, Plaintiff's counsel suspects CDC of either "hiding" information or "spoliation." Defendant contends that Plaintiff's discovery requests have been "a moving target," and that because Plaintiff's counsel has been unable to articulate exactly what she is looking for or her concerns about documents already produced, he did not actually understand either the nature of Plaintiff's counsel's difficulties with the documents produced or the additional information she is seeking until shortly before the hearing, and then his understanding was only partial.

At this stage of the litigation, CDC's summary judgment motion is pending [Docket No. 47; Filed May 7, 2009] and Plaintiff's response has been filed. [Docket No. 61; Filed June 3, 2009]. Plaintiff contends that information from CDC's computer records of sales representatives' performance is necessary to assist her not only in carrying her ultimate burden of proof, but also to defeat summary judgment. Defendant does not seriously contest the relevance of the information sought in the disputed requests for production; it simply contends that documents providing that information in the form requested by Plaintiff do not exist.

## II. Analysis

Discovery in this litigation has been intense and disputatious. Counsel have repeatedly demonstrated their inability to communicate effectively with each other.

Arguably, had communication between counsel been better, this particular discovery dispute would not have arisen or would have been resolved. I daresay, based on their remarks at the hearing, that neither counsel would seriously disagree with my assessment, although both would undoubtedly blame the communication failure on the other.

I am not interested in assessing blame for the communication failure in the context of ruling on the Motion, nor does the law require me to do so. The law simply requires me to determine whether the information sought is privileged and whether it is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Further, the law requires me to assess whether the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive," whether "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," and whether "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

In general, the disputed document requests seek information relating to Plaintiff's and comparable male employees' sale results and corresponding sales commissions. The information sought is relevant to Plaintiff's claims. It is not privileged. It is not duplicative, cannot be obtained from another source, and is neither disproportionately burdensome or expensive in light of its likely benefit. Based on the record before the Court, I cannot find that Plaintiff has had ample opportunity to obtain the information, as the source of the confusion about CDC's computer system, computer database and computer record-keeping is attributable to both parties. Accordingly, Plaintiff should be afforded the opportunity to obtain this relevant information here. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (holding that relevancy determination is a broad

standard meant to allow parties to discover information necessary to prove case); *Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim . . . of any party." citations omitted)); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 361 (D. Colo. 2004) (finding party certainly entitled to discovery of any relevant matters bearing on claims and defenses).

However, because of her counsel's lack of knowledge and understanding about CDC"s computer system, Plaintiff's current document requests are not phrased so as to generate the information she seeks. Moreover, Defendant has demonstrated that its responses to the contested requests for production are not incomplete or indecipherable, and I have no reason to conclude that Defendant has concealed information. Accordingly, the Motion is **denied**, and I consider instead Plaintiff's oral motion to reopen discovery for limited purpose.

The Tenth Circuit Court of Appeals has set forth a six-part test to be used to determine whether discovery should be reopened in a case. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Specifically, I consider (1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the non-moving party; (4) whether the moving party was diligent in her efforts to obtain the information within the discovery deadline; (5) the foreseeability that additional discovery would be necessary prior to expiration of the deadline; and (6) whether the proposed discovery is likely to lead to the discovery of relevant evidence. *Id.* On balance, the Court finds that consideration of these factors weighs in favor of reopening discovery.

The first factor weighs against reopening discovery, as trial is indeed imminent (the trial is scheduled to begin on October 5, 2009.)  The remaining factors weigh in favor of reopening discovery.  At the hearing, Defendant's counsel said that he "could live with" a limited reopening of discovery, so long as additional depositions would not be permitted.  In other words, the oral request to reopen discovery was not strongly opposed.  CDC will not suffer prejudice aside from having to provide additional information which, arguably, it could and would have provided long ago had counsel communicated effectively.  Any use of the additional information in pretrial proceedings can be addressed by CDC in its reply brief regarding the Motion for Summary Judgment.  On this record, I conclude that Plaintiff's counsel made efforts to obtain the information sought in a timely way, and that she had inadequate information from which to foresee that additional discovery would be necessary after the discovery deadline.  Finally, as discussed earlier, the proposed discovery is likely to lead to the production of relevant evidence.  Accordingly, Plaintiff's oral motion to reopen discovery for a limited purpose is **granted**, as follows:

IT IS HEREBY **ORDERED** that Plaintiff's counsel may tender no more than ten (10) written questions to Defendant's counsel about CDC's computer system and/or the information available in CDC's "Matrix" and "Margin Minder" reports on or before **June 12, 2009.**

IT IS FURTHER **ORDERED** that Defendant's counsel shall provide written answers to any such questions to Plaintiff's counsel on or before **June 19, 2009.**

IT IS FURTHER **ORDERED** that Plaintiff's counsel may provide no more than four (4) requests for production of documents to Defendant's counsel, based on the information

provided in response to the written questions, on or before **June 26, 2009.**

IT IS FURTHER **ORDERED** that Defendant's counsel shall respond to any such additional requests for production of documents on or before **July 3, 2009.**

IT IS FURTHER **ORDERED** that in the event that future disputes arise as to discovery, counsel for the parties will call the Court on a joint conference call (303.335.2770) to have the matter heard by the Magistrate Judge *prior to filing any contested discovery motion.*

Finally, IT IS **RECOMMENDED** that any reasonable request made by Plaintiff to supplement her response to the Motion for Summary Judgment based on such additional documents be granted.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Order and Recommendation to serve and file any written objections *to the Recommendation only* in order to obtain reconsideration of the Recommendation by the District Judge to whom the case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to the Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 5, 2009

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge