**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-01104-REB-KLM

JODY HALE,

    Plaintiff,

v.

COORS DISTRIBUTING COMPANY,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on **Defendant's Motion for Summary Judgment and Brief in Support** [#47][1] filed May 7, 2009.  The plaintiff filed a response [#61] and the defendant filed a reply [#67].  I deny the motion.[2]

### I. JURISDICTION

I have subject matter jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II. SUMMARY JUDGMENT - STANDARD OF REVIEW & ANALYSIS

Summary judgment is proper when there is no genuine issue as to any material

---

[1] "[#47]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Concrete Works***, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

I have reviewed the parties' briefs addressing the defendant's motion for summary judgment. I find that there are contested issues of material fact relating to one

or more of the plaintiff's claims against the defendant. Assuming *arguendo* that the defendant may be entitled to judgment on certain claims, it is not mandatory that I grant partial summary judgment. **See *Powell v. Radkins*,** 506 F.2d 763, 765 (5th Cir.), ***cert. denied***, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment). The plaintiff's claims are similar to each other, the theories of liability are intertwined, and the claims present concatenated issues of fact and law. The piecemeal resolution of the issues raised by the parties will not significantly simplify or extenuate the evidence at trial.

### III. ORDER

**THEREFORE, IT IS ORDERED** that **Defendant's Motion for Summary Judgment and Brief in Support** [#47] filed May 7, 2009, is **DENIED**.

Dated August 27, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge